# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

| | |
|---|---|
| In re<br><br>MORRIS \| SCHNEIDER \| WITTSTADT VA., PLLC, *et al.*,<br><br>　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No.: 15-33370 (KLP)<br><br>(Jointly Administered) |
| LYNN L. TAVENNER, AS TRUSTEE OF THE MSW LIQUIDATING TRUST,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>FIDELITY NATIONAL FINANCIAL, INC. and LANDCASTLE TITLE, LLC,<br><br>　　　　　　　　　　Defendants. | Adv. Proc. No.: _____ |

## THE LIQUIDATING TRUSTEE'S COMPLAINT TO (I) AVOID AND RECOVER PREFERENTIAL TRANSFERS AND (II) DISALLOW PROOF OF CLAIM

Lynn L. Tavenner, the duly appointed trustee (the "***Trustee***" or "***Plaintiff***") of the MSW Liquidating Trust, pursuant to the Second Modified Plan of Liquidation [ECF No. 1137] (the "***Second Modified Plan***") and the Findings of Fact and Conclusions of Law Approving and Confirming Debtors' Second Modified Plan of Liquidation [ECF No. 1177] (the "***Confirmation Order***," and together with the Second Modified Plan, the "***Plan***"), for her complaint (the

---

Paula S. Beran, Esq. (Va. Bar No. 34679)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy: (804) 783-0178
Email:  pberan@tb-lawfirm.com

*Counsel to Lynn L. Tavenner, Liquidating Trustee of the MSW Liquidating Trust*
215945481.2 57644/313946

"*Complaint*") against Fidelity National Financial, Inc. and Landcastle Title, LLC (collectively, the "*Defendants*"), alleges as follows:

## NATURE OF ACTION

1. The Trustee brings this action against Defendants to avoid and recover certain preferential transfers that occurred during (a) the one year period before the commencement of the above-captioned Debtors (the "*Debtors*") bankruptcy proceedings when the Debtors owned and operated Landcastle Title, LLC (July 5, 2014 through August 25, 2014) and (b) the ninety (90) day period prior to the commencement of the Debtors' bankruptcy proceedings (collectively, the "*Preference Period*" and each a "*Preference Period"*). In addition, the Trustee objects to the Defendants' proof of claim filed against the Debtors' estates. Specifically, the Trustee seeks entry of a judgment against Defendants: (i) avoiding transfers pursuant to 11 U.S.C. § 547(b); (ii) directing Defendants to pay an amount to be determined at trial that is not less than the amount of avoidable transfers, plus interest and costs, pursuant to 11 U.S.C. § 550(a); and (iii) disallowing any claims filed by the Defendants against the Debtors' estates unless and until Defendants returns the avoidable transfers to the Trustee pursuant to 11 U.S.C. § 502(d).

## THE PARTIES

2. The Trustee is the duly appointed trustee of the MSW Liquidating Trust (the "*Trust*"). Pursuant to Articles III and IV of the Liquidating Trust Agreement, the Trustee has the sole authority to pursue claims transferred to the Trust by the Debtors through the Plan, and to litigate objections to claims asserted against the Debtors' estates.

3. Prior to the Petition Date (defined below), the Debtors operated as a law firm and its related businesses engaged in the conduct of foreclosure proceedings and real estate closings. The Debtors operated their businesses from several states including Virginia.

## JURISDICTION AND VENUE

4. This Court has jurisdiction to consider this matter under 28 U.S.C. §§ 157 and 1334.

5. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) and (F).

6. Venue of these Chapter 11 cases and this adversary proceeding in this District and before this Court is proper under 28 U.S.C. §§ 1408 and 1409.

7. The statutory and legal predicates for the relief requested by the Complaint are 11 U.S.C. §§ 105, 502(d), 541, 542, 547, 550 and 558, Bankruptcy Rules 3007 and 7001, and Local Bankruptcy Rule 3007-1.

8. Plaintiff consents to entry of a final order by the Court in this adversary proceeding.

## RELEVANT FACTS

**A.**     **Case Background**

9. On July 5, 2015 (the "*Petition Date*"), the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "*Bankruptcy Code*"), and until the Effective Date of the Plan, continued to operate as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

10. On July 17, 2015, the Office of the United States Trustee appointed five of the Debtors' creditors to the unsecured creditors committee (the "*Committee*").

11. On May 17, 2016, the Debtors, with the support of the Committee, filed a proposed Plan of Liquidation [ECF No. 995], which was subsequently modified on June 19, 2016 [ECF No. 1056] and again on July 29, 2016 [ECF No. 1137]. Thereafter, on August 2, 2016, this Court held a hearing to consider confirmation of the Plan and, on August 12, 2016, entered the Confirmation Order.

12. The Effective Date of the Plan occurred on August 31, 2016 (the "*Effective Date*"). Upon the occurrence of the Effective Date, Causes of Action (as defined in the Plan) were transferred to the MSW Liquidating Trust. Therefore, the Trustee has standing to bring this action.

B. **Business Relationship Between the Debtors and Defendants**

13. Prior to the Petition Date, the Debtors were a large multi-state law firm providing legal services to clients that included, but were not limited to, representing clients in foreclosure proceedings and real estate closings.

14. Prior to the Petition Date, the Debtors owned and operated Defendant Landcastle Title, LLC ("*Landcastle*") and, upon information and belief, as part of that ownership directed business to Landcastle for which the Debtors would then compensate Landcastle. Moreover, upon information and belief, the Debtors' partners were owners in Landcastle, controlled both entities and operated both entities from the same office locations utilizing the same employees. Consequently, during the period when the Landcaslte Transfers (defined below) were made, Landcastle was an insider for purposes of Section 547 of the Bankruptcy.

15. On or about August 25, 2014, Defendant Fidelity National Financial, Inc. ("*Fidelity*") acquired Landcastle from the Debtors.

16. In addition, prior to the Petition Date, the Debtors transacted business with Fidelity.

17. During the ordinary course of the Debtors' business, the Debtors maintained books and records of their transactions with Defendants.

**C.    Transfers to Defendants Made Within The Preference Periods**

18. During that time in the one year prior to the Petition Date when the Debtors owned and operated Defendant Landcastle, one or more of the Debtors transferred property to or for the benefit of Defendant Landcastle in an amount not less than $19,059.45. A list identifying the known transfers during that period is attached hereto as **Exhibit A** and is incorporated herein by reference (the "*Landcastle Transfers*").

19. During the 90-day period prior to the commencement of the Debtors' bankruptcy cases, one or more of the Debtors transferred property to or for the benefit of one or both of the Defendant in an amount not less than $21,861.26. A list identifying the known transfers during this period to each of the Defendants is attached hereto as **Exhibit B** and is incorporated herein by reference (the "*Fidelity Transfers*," together with the Landcastle Transfers, the "*Transfers*").

20. On or about May 25, 2017, counsel for the Trustee demanded that Defendants remit the total amount of the Transfers to the Trustee. Defendants did not remit such amounts or provide a satisfactory explanation as why the amounts are not avoidable under the Bankruptcy Code.

21. Some, but not all, of the Transfers might be subject to defenses under Section 547(c) of the Bankruptcy Code, for which Defendants bears the burden of proof under Section 547(g) of the Bankruptcy Code.

215945481.2 57644/313946

# COUNT I
# AVOIDANCE OF PREFERENTIAL
# TRANSFERS PURSUANT TO 11 U.S.C. § 547(b)

22. The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

23. During the Preference Period, Defendants were creditors of one or more of the Debtors.

24. Each Transfer identified on Exhibit A or B hereto was made to or for the benefit of one or both of the Defendants.

25. Each Transfer was a transfer of an interest in the Debtors' property.

26. Each Transfer was made for or on account of an antecedent debt or debts owed by one or more of the Debtors before such Transfers were made.

27. Each Transfer was made during the respective Preference Period.

28. Each Transfer was made while the Debtors were insolvent.

29. Each Transfer enabled one or both of the Defendants to receive more than the Defendants would have received if (i) the Debtors' Chapter 11 cases were instead cases under Chapter 7 of the Bankruptcy Code; (ii) the transfer and/or payments had not been made; and (iii) the applicable Defendant received payment on account of the debt paid by the Transfers to the extent provided by the Bankruptcy Code.

30. Each Transfer constitutes an avoidable preference pursuant to Section 547(b) of the Bankruptcy Code.

215945481.2 57644/313946

## COUNT II
## RECOVERY OF PREFERENTIAL
## TRANSFERS PURSUANT TO 11 U.S.C. § 550

31. The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

32. Each Defendant was either (i) the initial transferee of the Transfers, (ii) the entity for whose benefit the Transfers were made, or (iii) an immediate or mediate transferee of the Transfers.

33. Each Transfer that is avoided under Section 547(b) of the Bankruptcy Code is recoverable pursuant to Section 550 of the Bankruptcy Code.

34. Subject to potential defenses, the Trustee is entitled to recover the value of the Transfers pursuant to Section 550(a) of the Bankruptcy Code.

## COUNT III
## DISALLOWANCE OF THE CLAIM

35. The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

36. Defendant Fidelity has filed a claim that asserts a right to payment allegedly owed by one or more of the Debtors.

37. As alleged above, Defendant Fidelity is the recipient of the Transfers, which are avoidable pursuant to Section 547 of the Bankruptcy Code, which are recoverable pursuant to Section 550 of the Bankruptcy Code, and Defendant Fidelity has not returned the Transfers to the Trustee.

38. Pursuant to Section 502(d) of the Bankruptcy Code, the Court shall disallow any claims of any entity from which property is recoverable under Section 550(a) of the Bankruptcy Code.

215945481.2 57644/313946

39. Because Defendant Fidelity has not paid or returned the Transfers to the Trustee, any and all claims of Defendant Fidelity must be disallowed unless and until the Defendant Fidelity returns to the Trustee an amount equal to each Transfer that is avoided.

## PRAYER FOR RELIEF

WHEREFORE, the Trustee respectfully requests and prays that the Court:

i. Pursuant to Counts I and II, enter judgment against Defendants pursuant to 11 U.S.C. §§ 547 and 550 and allow the Trustee to avoid and recover the Transfers in an amount of not less than $40,920.71;

ii. Pursuant to Count III, disallow any claim filed by the Defendant Fidelity in accordance with Section 502(d) of the Bankruptcy Code pending payment by Defendant Fidelity to the Trustee of any avoidable and recoverable transfers;

iii. Award the Trustee prejudgment interest at the legally allowed applicable rate;

iv. Award the Trustee costs and expenses of suit herein; and

v. Grant the Trustee such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

Dated: July 3, 2017

*/s/ Paula S. Beran*
Paula S. Beran, Esquire . (Va. Bar No. 34679)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, VA  23219
Telephone: (804) 783-8300
Telecopy: (804) 783-0178
Email:  pberan@tb-lawfirm.com

*Counsel to Lynn Lewis Tavenner, Esq., the Liquidating Trustee of the MSW Liquidating Trust*

8

215945481.2 57644/313946

Exhibit A

Transfers to Defendant Landcastle

| **Date** | **Check No.** | **Amount** |
|---|---|---|
| 7/7/2014 | 238801 | $49.20 |
| 7/8/2014 | 238975 | $91.70 |
| 7/8/2014 | 238967 | $32.20 |
| 7/9/2014 | 239165 | $49.20 |
| 7/9/2014 | 239164 | $49.20 |
| 7/9/2014 | 239126 | $91.70 |
| 7/9/2014 | 239109 | $49.20 |
| 7/10/2014 | 239387 | $49.20 |
| 7/10/2014 | 239309 | $49.20 |
| 7/10/2014 | 239226 | $49.20 |
| 7/11/2014 | 239514 | $49.20 |
| 7/11/2014 | 239513 | $49.20 |
| 7/11/2014 | 239510 | $49.20 |
| 7/11/2014 | 239428 | $91.70 |
| 7/14/2014 | 239793 | $49.20 |
| 7/14/2014 | 239792 | $91.70 |
| 7/14/2014 | 239764 | $91.70 |
| 7/14/2014 | 239763 | $14.50 |
| 7/14/2014 | 239762 | $49.20 |
| 7/16/2014 | 240149 | $49.20 |
| 7/16/2014 | 240100 | $49.20 |
| 7/16/2014 | 240091 | $49.20 |
| 7/16/2014 | 240049 | $86.20 |
| 7/16/2014 | 240048 | $49.20 |
| 7/16/2014 | 240047 | $49.20 |
| 7/17/2014 | 240206 | $91.70 |
| 7/18/2014 | 240587 | $40.70 |
| 7/21/2014 | 240706 | $91.70 |
| 7/21/2014 | 240705 | $49.20 |
| 7/22/2014 | 240982 | $91.70 |
| 7/22/2014 | 240939 | $83.20 |
| 7/23/2014 | 241059 | $57.70 |
| 7/23/2014 | 241058 | $27.70 |
| 7/24/2014 | 241390 | $49.20 |
| 7/24/2014 | 241382 | $91.70 |
| 7/25/2014 | 241674 | $91.70 |
| 7/28/2014 | 241749 | $49.20 |

| Date | Check No. | Amount |
|---|---|---|
| 7/28/2014 | 241693 | $91.70 |
| 7/30/2014 | 242155 | $91.70 |
| 7/30/2014 | 242065 | $49.20 |
| 8/1/2014 | 242541 | $49.20 |
| 8/1/2014 | 242392 | $49.20 |
| 8/5/2014 | 242834 | $91.70 |
| 8/5/2014 | 242833 | $91.70 |
| 8/7/2014 | 243175 | $57.70 |
| 8/7/2014 | 243174 | $49.20 |
| 8/7/2014 | 243173 | $49.20 |
| 8/7/2014 | 243172 | $49.20 |
| 8/7/2014 | 243093 | $49.20 |
| 8/11/2014 | 243530 | $49.20 |
| 8/12/2014 | 243853 | $91.70 |
| 8/12/2014 | 243852 | $79.15 |
| 8/12/2014 | 243698 | $49.20 |
| 8/12/2014 | 243675 | $6,413.00 |
| 8/14/2014 | 244272 | $49.20 |
| 8/14/2014 | 244271 | $49.20 |
| 8/19/2014 | 244753 | $189.00 |
| 8/19/2014 | 244751 | $735.00 |
| 8/19/2014 | 244750 | $630.00 |
| 8/19/2014 | 244749 | $810.00 |
| 8/19/2014 | 244748 | $450.00 |
| 8/19/2014 | 244747 | $760.00 |
| 8/19/2014 | 244746 | $5,355.00 |
| 8/20/2014 | 244995 | $91.70 |
| 8/20/2014 | 244888 | $49.20 |
| 8/22/2014 | 245389 | $49.20 |
| 8/22/2014 | 245367 | $49.20 |
| 8/22/2014 | 245366 | $49.20 |
| 8/22/2014 | 245330 | $49.20 |
| | | |
| | **Total** | **$19,059.45** |

**Exhibit B**

Transfers to Defendant Fidelity or Defendant Landcastle in the 90 Days Prior to the Petition Date

| **Transaction Date** | **Check No.** | **Amount** |
|---|---|---|
| 05/27/15 | 033390 | $4,938.26 |
| 05/13/15 | 033391 | $11,000.00 |
| 05/27/15 | 0266984 | $5,923.00 |
|  |  |  |
|  | **Total** | **$21,861.26** |